**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MT PRODUCTS LLC. d/b/a MedTech,

    Plaintiff

v.

                                Case No. 8:25-cv-01879-MSS-AAS

COREY PETERSEN, an individual,
ZEPHYR MARKETING, and
DOE COMPANY #1-2

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants COREY PETERSEN ("Peterson"); ZEPHYR MARKETING ("Zephyr"), (Collectively "Defendants"), by and through this undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendants admit the allegations in Paragraph 1 for jurisdictional purposes only.

2. Defendants deny that the amount in controversy exceeds $75,000.00, Defendants are unable to admit or deny the remainder of allegations contained in Paragraph 2 based on a lack of information regarding DOE COMPANY Defendants.

1

3.  Defendants deny the allegations in Paragraph 3 as phrased.

4.  Defendants are without knowledge regarding the allegations in Paragraph 4, therefore deny.

5.  Defendant PETERSON admits he is an individual residing in the State of NEVADA, however, Defendants deny as phrased that ZEPHYR is a sole proprietorship, as ZEPHYR is a single member limited liability company.

6.  Defendants deny the allegations in Paragraph 6 as phrased, ZEPHYR is a single member limited liability company.

7.  Defendants are without sufficient knowledge of allegations contained in Paragraph 7 based on a lack of information regarding DOE COMPANY Defendants. Notwithstanding, Defendants deny the allegations contained in Paragraph 7.

## **GENERAL FACTUAL ALLEGATIONS**

8.  Defendants deny the allegations in Paragraph 8 as phrased.

9.  Defendants deny the allegations in Paragraph 9 as phrased, the Independent Contractor Agreement is a writing which speaks for itself and demonstrates the agreement was between Plaintiff and solely Defendant ZEPHYR.

10. Defendants deny the allegations in Paragraph 10 as phrased, the Independent Contractor Agreement is a writing which speaks for itself and demonstrates the agreement was between Plaintiff and solely Defendant ZEPHYR.

11. Defendants deny the allegations in Paragraph 11 as phrased, the Independent Contractor Agreement is a writing which speaks for itself and demonstrates the agreement was between Plaintiff and solely Defendant ZEPHYR.

12. Defendants deny the allegations in Paragraph 12 as phrased, the Independent Contractor Agreement is a writing which speaks for itself and demonstrates the agreement was between Plaintiff and solely Defendant ZEPHYR.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Admitted only that Plaintiff sent correspondence to Defendants on or around May 6, 2025, the remainder of allegations contained in Paragraph 21 are denied.

22. Defendants are without knowledge regarding the allegations in Paragraph 22, therefore deny.

23. Admitted only that Plaintiff sent correspondence to Defendants on or around May 6, 2025, the remainder of allegations contained in Paragraph 23 are denied.

24. Admitted only that Plaintiff requested Defendant to turn over copies of MedTech's intellectual property. Defendants deny that any intellectual property of Medtech's was ever in their possession, custody, or control.

25. Defendants deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

3

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants are without knowledge regarding the allegations in Paragraph 31, therefore deny.

32. Defendants are without knowledge regarding the allegations in Paragraph 32, therefore deny.

33. Defendants deny the allegations in Paragraph 33 as phrased.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants are without knowledge regarding the allegations in Paragraph 38, therefore deny.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

## COUNT I – BREACH OF CONTRACT

46. Defendants reassert and reallege the responses contained in Paragraphs 1-45 as if fully set forth herein.

47. Defendants deny the allegations in Paragraph 47 as phrased.

48. Defendants deny the allegations in Paragraph 48 as phrased, the Independent Contractor Agreement is a writing which speaks for itself and demonstrates the agreement was between Plaintiff and solely Defendant ZEPHYR.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Paragraph 53 does not require a response, however, Defendants deny any entitlement to the relief requested in Paragraph 53.

## COUNT II – MISAPPROPRIATION OF TRADE SECRETS - DTSA

54. Defendants reassert and reallege the responses contained in Paragraphs 1-53 as if fully set forth herein.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Paragraph 61 does not require a response, however, Defendants deny any entitlement to the relief requested in Paragraph 61.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS - FUTSA

62. Defendants reassert and reallege the responses contained in Paragraphs 1-61 as if fully set forth herein.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 does not require a response, however, Defendants deny any entitlement to the relief requested in Paragraph 68.

## COUNT IV – BREACH OF FIDUCIARY DUTIES

69. Defendants reassert and reallege the responses contained in Paragraphs 1-68 as if fully set forth herein.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 does not require a response, however, Defendants deny any entitlement to the relief requested in Paragraph 76.

## PRAYER FOR RELIEF

Defendants assert that Plaintiff is not entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim – No Fiduciary Duty

Plaintiff's claim for breach of fiduciary duty fails to state a claim upon which relief may be granted because Defendant did not owe Plaintiff a fiduciary duty nor did any agency relationship exist as evidenced by the plain language of the Independent Contractor Agreement attached to the Complaint. At all relevant times, Defendant acted solely as an independent contractor and not as Plaintiff's fiduciary, agent, employee, partner, or in any other relationship giving rise to fiduciary obligations. Plaintiff has failed to allege facts sufficient to establish the existence of a fiduciary relationship, which is an essential element of a claim for breach of fiduciary duty thus this count fails on its face.

### Second Affirmative Defense: No Damages

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any actual, compensable, or legally cognizable damages but merely speculates damages. Defendant immediately complied with Plaintiff's request to delete the data at issue, thereby eliminating any alleged injury or basis for monetary relief. Further, Defendant confirmed compliance with Plaintiff's request in a correspondence dated May 6, 2025, the same day Plaintiff's request was made, in which Defendant confirmed that none of the data at issue was retained, shared, stored, or disclosed to third parties.

**Third Affirmative Defense: Unclean Hands**

Plaintiff's request for equitable relief is barred by the doctrine of unclean hands. Prior to filing this action, Defendant fully complied with Plaintiff's request to permanently delete the data at issue, thereby providing the very relief Plaintiff now seeks to compel through its request for preliminary and permanent injunction and Plaintiff was expressly advised of such compliance. Despite knowing that the requested deletion had already occurred and the data at issue had never been disclosed to nor shared with any third party, Plaintiff nevertheless filed this suit and seeks equitable relief that is unnecessary and unavailable. Plaintiff's inequitable conduct bars the equitable relief sought.

**Fourth Affirmative Defense: Failure to Timely Take Efforts to Protect Alleged Trade Secrets**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable measures to protect the information it now alleges as trade secrets. The parties had worked together for approximately one year prior to Plaintiff requesting Defendant execute the Independent Contractor Agreement containing the confidentiality provision. Plaintiff's failure to require a written confidentiality agreement or otherwise implement reasonable safeguards at the outset of the parties' business relationship, and for nearly a year after, demonstrates that Plaintiff did not treat the information as protected trade secrets. Rather, Plaintiff permitted the exchange and use of such information without the protections it now contends are essential to maintaining its secrecy. Plaintiff cannot retroactively transform information into trade secrets by requiring the execution of  the Independent Contractor Agreement containing confidentiality provisions after nearly a year of collaboration. Plaintiff's delayed implementation of confidentiality measures is inconsistent with the exercise of reasonable efforts to maintain the secrecy of alleged trade secrets and precludes, in whole or in part, the relief sought in this action. Further, such delay to only implement these "strategies" a month prior to terminating the business relationship demonstrates this is merely Plaintiff's efforts to create an issue rather than timely and reasonably protect any such "rights" as asserted herein.

### **RESERVATION OF RIGHTS**

Defendants expressly reserve their right to amend these affirmative defenses and file any claims against Plaintiff as the litigation continues.

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing has been filed on the 21st day of July 2026

utilizing the CM/ECF, and a copy has been provided to all attorneys of record.

Respectfully Submitted,

Dated: July 21, 2026 /s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
FL Bar No. 1017878
Lorri Lomnitzer, Esq.
FL Bar No. 37632
kelly@lomnitzerlaw.com
lorri@lomnitzerlaw.com
Litigation@lomnitzerlaw.com
Attorneys for Defendants

10